IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

**Civil Action No. 04-CV-02265-RPM-MJW**

DALE TENNY,

Plaintiff(s),

v.

BOULDER SCIENTIFIC COMPANY, INC.,

Defendant(s).

**ORDER REGARDING
DEFENDANT'S MOTION TO COMPEL TENNY TO PROVIDE SIGNED RELEASES
(DOCKET NO. 37)**

This matter is before the court on the Defendant's Motion to Compel Tenny to Provide Signed Releases (docket no. 37). The court has reviewed the motion and the response thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and order.

Plaintiff's verified Complaint alleges a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA") by Defendant Boulder Scientific Company ("Defendant"). Plaintiff seeks judgment in his favor on the verified Complaint for back pay, front pay, pre-judgment interest, restoration of lost benefits, liquidated damages, court costs, reasonable attorney fees, and other costs as provided by law, and any other appropriate relief necessary to make him whole and compensate him for his resulting damages, including any further and other legal and/or equitable

relief deemed appropriate by the court and authorized by law.  (See verified Complaint and prayer for relief within the verified Complaint).

Defendant, pursuant to Fed. R. Civ. P. 37(c), requests that this court enter an Order to Plaintiff to execute the written authorizations for release of employment, education, tax, and medical records.  Moreover, Defendant seeks reasonable attorney fees and costs for having to file the subject motion.

The qualifications of the Plaintiff to perform the duties of a full-time chemical operator for the Defendant are at issue and in dispute in this lawsuit.  In particular, (1) whether Plaintiff was physically able to perform the physical duties of a full-time chemical operator; and  (2) whether Plaintiff had experience in construction and/or manufacturing, compared to sales experience.

Here, the court finds that Plaintiff's employment and educational history is relevant as to whether he was, in fact, qualified for the full-time chemical operator position.  The court further finds that Plaintiff's social security records are relevant since Plaintiff was 69 years-old when he applied for the full-time chemical operator position, and was receiving social security benefits at that time.  As such, these social security records are relevant on the issue of amount of damages that Plaintiff seeks in this lawsuit.  Moreover, the court finds that Plaintiff's physical condition and his ability to physically handle the duties of the full-time chemical operator position is relevant and is a disputed issue in this case.  As to the Plaintiff's tax return information, this court finds that such information is relevant on the issues of damages and failure to mitigate. Lastly, the court finds to award attorney fees under the circumstances of this case is

unjust pursuant to Fed. R. Civ. P. 37(4)(C).

## ORDER

**WHEREFORE**, based upon these findings and conclusions, this court **ORDERS:**

1. That Defendant's Motion to Compel Tenny to Provide Signed Releases (docket no. 37) is **GRANTED** as follows.

2. That Plaintiff shall execute the written authorizations for release of employment, education, tax, and medical records as tendered to Plaintiff by Defendant, and return fully executed releases to Defendant within five (5) from the date of this Order.

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 30th day of June 2005.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge